#27370-a-LSW

**2016 S.D. 6**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

LYNN FOSTER-NASER, Individually
and as Special Administrator of the
Estate of TRAVIS J. NASER,                          Plaintiff and Appellant,

    v.

AURORA COUNTY, SOUTH DAKOTA,                        Defendant and Appellee,

    and

DOUGLAS COUNTY, SOUTH DAKOTA,                       Defendant.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE FIRST JUDICIAL CIRCUIT
AURORA COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE PATRICK T. SMITH
Judge

* * * *

GEORGE F. JOHNSON
STEPHANIE E. POCHOP of
Johnson Pochop & Bartling
Gregory, South Dakota                               Attorneys for plaintiff
    and appellant.

DOUGLAS M. DEIBERT of
Cadwell, Sanford, Deibert & Garry, LLP
Sioux Falls, South Dakota                           Attorneys for defendant
    and appellee.

* * * *

CONSIDERED ON BRIEFS
ON NOVEMBER 30, 2015
OPINION FILED **01/27/16**

#27370

WILBUR, Justice

[¶1.]        In this negligence case, the circuit court granted the county summary judgment.  It found that no duty existed between the county and the plaintiff as a matter of law.  The plaintiff appeals asserting a material issue of fact is in dispute whether the county owed the plaintiff a duty.  We affirm.

## Background

[¶2.]        On September 30, 2010, Travis Naser died in a one-vehicle accident while he was the passenger in a vehicle being driven by Lowell Langstraat.  The accident occurred after Langstraat drove off the road because he failed to negotiate a "T" intersection at a dead-end road.  The dead-end intersects two gravel roads in rural South Dakota.  The north-south road, 392nd Avenue, is located in Douglas County.  The east-west road, 268th Street, is located in Aurora County.  After the accident, Travis's wife, Lynn Foster-Naser, brought suit against Aurora and Douglas counties for wrongful death.  This appeal concerns only her suit against Aurora County.  Foster-Naser alleged that Aurora County negligently failed to maintain the double-arrow sign on 268th Street.  She claimed that had the sign been properly maintained it would have warned Langstraat that the dead-end intersection required a sharp right or left turn.

[¶3.]        Aurora County moved for summary judgment and asserted that it owed no duty to Foster-Naser to maintain the double-arrow sign.  It submitted that because 268th Street is a township road, Aurora *Township* had the duty to maintain the street.  Foster-Naser did not dispute that Aurora Township is the governing body responsible for 268th Street.  Instead, it responded that an oral agreement

-1-

existed between the County and the Township whereby the *County* agreed to maintain the Township's roads. This oral agreement, Foster-Naser averred, created a duty on the part of the County to maintain the double-arrow sign on 268th Street.

[¶4.]     The circuit court held a hearing on the County's motion for summary judgment. The County conceded that it had entered into an oral agreement with the Township to maintain the Township's roads. The County explained that the agreement had existed for "as long as" Highway Superintendent Roger Konechne could remember. But the County insisted that the Township never hired the County to install, maintain, or repair signage on the Township's roads. The Township only hired the County to blade gravel and plow snow on the Township's roads because the Township did not have the heavy equipment necessary for that type of road maintenance.

[¶5.]     Foster-Naser disputed that the County merely agreed to plow snow and blade gravel. She directed the circuit court to the County's "Sales History Report" and to Highway Superintendent Konechne's deposition testimony. In the Sales History Report, the County billed the Township for time spent on rock work, back sloping, flood work, shoulder work, disking, spot gravel, blading, snow removal, and replacing a culvert. The Sales History Report also documented that the County sold certain traffic signs to the Township. Konechne testified that he traveled 268th Street as part of the County's duty to maintain the road. Specifically, he remarked that he traveled 268th Street because he "just wanted to make sure we [the County employees] were maintaining it properly." According to Foster-Naser, the Sales History Report and Konechne's testimony created a fact

question whether the County assumed responsibility for the Township's statutory duty to maintain the sign on 268th Street.

[¶6.] After the hearing, the circuit court issued a memorandum decision and order. It noted that "without question" the *Township* was responsible for 268th Street and had a statutory duty under SDCL 31-13-1 and -26 to "repair or maintain proper roadway markings or signage." The court further held that SDCL 31-13-1, -26, and -7 gave the Township "explicit and implied authority to contract with other municipalities for road grading, snow removal, and any other maintenance that the township so chooses." Yet, in the court's view, the County would not "be liable under the same negligence theory as the original municipality" unless the County assumed "full control under the contract." *See generally Robinson v. Minnehaha Cty.*, 65 S.D. 628, 277 N.W. 324 (1938). If the County did not assume full control, the court interpreted the law to mean that the County would only be "liable for the duties it specifically contracted to do." *See id.* at 328.

[¶7.] The court then examined whether the County assumed full control when it agreed to maintain the Township's roads. The court noted that the County presented evidence that it only agreed to blade gravel and plow snow for the Township. It rejected Foster-Naser's claim that the County assumed a duty to repair or maintain the Township's signage based on the fact the County sold the Township traffic signs. And it found unpersuasive Foster-Naser's argument that Konechne's use of the word "maintenance" during his deposition meant the County assumed full control over the Township's duty to maintain 268th Street. According to the court, Foster-Naser failed to present specific facts, testimony, contract

evidence, or written documentation that "impliedly" or "purportedly" showed that Aurora County exhibited full control over the Township's duty to maintain its roads.

[¶8.]     The court granted Aurora County summary judgment. Foster-Naser appeals and we restate the issue as follows:

> Whether there is a genuine issue of material fact in dispute that Aurora County had a duty to maintain the traffic sign at the intersection of 392nd Avenue and 268th Street in Aurora Township, South Dakota.

### Analysis

[¶9.]     For purposes of this appeal, we assume the Township had a statutory duty to maintain the double-arrow sign on 268th Street. So the only question is whether Aurora County assumed the Township's duty when it agreed to maintain the Township's roads. Foster-Naser acknowledges that whether a duty exists is a question of law. Yet she claims that under the circumstances of this case a jury must decide whether the County's oral agreement to provide road maintenance included an agreement to maintain the double-arrow sign on 268th Street. She contends, "[T]he reality is that in the absence of a written agreement, or an actual party to the original oral agreement, *no one* can prove exactly what the terms of the agreement were, and we must rely on testimony, photographs and sales histories to prove what duties the County had assumed from and was performing for the Township." She then avers that Konechne's deposition testimony and the County's Sales History Report create a material issue of fact in dispute as to the terms of the parties' agreement.

[¶10.]     Whether a duty exists and the scope of that duty is for the court to determine. *Hamilton v. Sommers*, 2014 S.D. 76, ¶ 22, 855 N.W.2d 855, 862. The

question does not become one for a jury merely because there is an oral agreement between the parties created long ago. Nor does duty become a fact question because Foster-Naser believes a jury could infer from Konechne's deposition testimony and the Sales History Report that the County agreed to do more than blade gravel and plow snow on the Township roads. Duty is a question of law and "[s]ummary judgment is proper in negligence cases if no duty exists[.]" *Millea v. Erickson*, 2014 S.D. 34, ¶ 9, 849 N.W.2d 272, 275 (quoting *First Am. Bank & Tr., N.A. v. Farmers State Bank*, 2008 S.D. 83, ¶ 13, 756 N.W.2d 19, 25-26).

[¶11.] Here, the circuit court concluded that no duty existed between the County and Foster-Naser because the evidence did not establish that Aurora County assumed full control over the Township's statutory duty to maintain 268th Street. "On review, we apply the same test as the trial court: we probe the record for material facts, resolve disputed facts in favor of the nonmoving party, and decide whether the moving party is entitled to a judgment as a matter of law." *Fisher v. Kahler*, 2002 S.D. 30, ¶ 5, 641 N.W.2d 122, 125. "We require 'those resisting summary judgment to show that they will be able to place sufficient evidence in the record at trial to support findings on all the elements on which they have the burden of proof.'" *Bordeaux v. Shannon Cty. Schs.*, 2005 S.D. 117, ¶ 14, 707 N.W.2d 123, 127 (quoting *Chem-Age Indus., Inc. v. Glover*, 2002 S.D. 122, ¶ 18, 652 N.W.2d 756, 765). General allegations without specific supporting facts are insufficient. *Id.* And "proof of a mere possibility is never sufficient to establish a fact." *Estate of Elliot v. A & B Welding Supply Co., Inc.*, 1999 S.D. 57, ¶ 16, 594 N.W.2d 707, 710.

[¶12.]     From our review of the record in a light most favorable to Foster-Naser, there is no evidence that the County orally agreed to assume full control over the Township's road maintenance duties. More specifically, there is no evidence that the County agreed to maintain, repair, or install the Township's signage or the double-arrow sign on 268th Street. The fact that the County purchased traffic signs and sold those traffic signs to the Township is not probative evidence that the Township hired the County to maintain those same (or any) signs. *See Stern Oil Co., Inc. v. Brown*, 2012 S.D. 56, ¶ 8, 817 N.W.2d 395, 398 (the party resisting summary judgment must present sufficient probative evidence in support of the claim). And Konechne's testimony that he traveled 268th Street as part of the County's duty to "maintain" the road does not establish that the County assumed full control of the Township's statutory duty to maintain and repair roadway signage. Konechne testified as follows:

> **Counsel**: The last witness was telling me that the Highway superintendent in Douglas County, as one of his jobs, is to drive around and check to see if the signs have been damaged or run over or any of that stuff. Is that one of your jobs as well?
>
> **Konechne**: It is on County roads.
>
> **Counsel**: Okay. And you're saying that 268th in Aurora County at the County line is not – not one of your jobs to check that one or do anything on that one.
>
> **Konechne**: Correct. That is a township road.
>
> **Counsel**: So you – why were you driving down it to check the road conditions?
>
> **Konechne**: We maintain that road, and I just wanted to make sure we were maintaining it properly.
>
> **Counsel**: When you maintain a road, does that require you to do anything with the signs?
>
> **Konechne**: Nope. All we do is blade.

**Counsel**: Did you have some kind of agreement with the township or is there some paperwork that shows that the township is supposed to take care of those signs?

**Konechne**: No. Just verbally. They take care of their roads, and we take care of County roads.

. . . .

**Counsel**: . . . okay, how long had the County been handling the blading on that road, 268th?

**Konechne**: As long as I can remember. You know, it was – we've been doing – the township hires us to do the blading for as long as I can remember.

**Counsel**: But they didn't hire you to do anything with the signs or anything other than the blading.

**Konechne**: Correct. Blading and snow removal.

. . . .

**Counsel**: You said that your guys that blade sometimes notice that signs have been damaged or knocked down.

**Konechne**: Yes.

**Counsel**: And then they call you and let you know.

**Konechne**: Yep.

**Counsel**: And do they do that even when they're blading a township road.

**Konechne**: Yeah.

**Counsel**: Okay. And then – so what do you do about that when it's a township road that's got a problem?

**Konechne**: I'll – I'll call a township board member and notify them so they can go take care of it.

**Counsel**: And do any of the townships hire you – if they hire you to do some of their blading, do they hire you to go do those repairs?

**Konechne**: No.

**Counsel**: For your group?

**Konechne**: No.

**Counsel**: Okay, they go out and do it themselves.

**Konechne**: I would assume so.

Without sufficient probative evidence that the County assumed the Township's duty to maintain its roads, the circuit court did not err when it granted Aurora County summary judgment.

[¶13.]     The circuit court also did not err when it rejected Foster-Naser's claim that the County's oral agreement to provide "road maintenance" includes, *as a matter of law*, "the maintenance of existing signs and other items appurtenant to roadways."  Foster-Naser relies on *Kiel v. DeSmet Township*, where we held that the duty under SDCL 31-32-10 to repair a county highway includes a "duty to maintain and keep" an erected warning "sign in reasonable repair for the safety of public travel."  *See* 90 S.D. 492, 497, 242 N.W.2d 153, 155 (1976).  *Kiel,* however, implicated our *statutory* interpretation of a governing body's duty to maintain a road.  This case concerns the County's *contractual* agreement to maintain the Township's roads, and Foster-Naser has not presented sufficient probative evidence that the County's contractual agreement to provide *road maintenance* included an agreement to maintain the Township's signage.

[¶14.]     Affirmed.

[¶15.]     GILBERTSON, Chief Justice, and ZINTER, SEVERSON, and KERN, Justices, concur.