KERN, Justice (concurring in part and dissenting in part).
*407 [¶38.] I join issues 1 and 2 of the majority opinion but dissent on issue 3 wherein the majority affirms the grant of summary judgment on Domson's claim of negligent design. Domson established genuine issues of fact sufficient to require a jury to determine whether Dakota Engineering/KLJ breached the standard of care and caused Domson damages due to negligence in designing the project plans.
[¶39.] Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." SDCL 15-6-56(c). "We view the evidence most favorably to the nonmoving party and resolve all reasonable doubts against the moving party." State Auto Ins. Cos. v. B.N.C. , 2005 S.D. 89, ¶ 6, 702 N.W.2d 379, 382 (emphasis added). To defeat summary judgment, the nonmoving party must "show that they will be able to place sufficient evidence in the record at trial to support findings on all the elements on which they have the burden of proof." Foster-Naser v. Aurora Cty. , 2016 S.D. 6, ¶ 11, 874 N.W.2d 505, 508. "[M]ere general allegations and denials which do not set forth specific facts will not prevent the issuance of a judgment." Bordeaux v. Shannon Cty. Schs. , 2005 S.D. 117, ¶ 14, 707 N.W.2d 123, 127. Nonetheless, "[s]ummary judgment is an extreme remedy, and is not intended as a substitute for a trial." Stern Oil Co., Inc. v. Brown , 2012 S.D. 56, ¶ 9, 817 N.W.2d 395, 399.
[¶40.] Here, the majority opinion focuses on a statement made by Domson's expert, Larry Kostaneski, that not all "project documents are perfect, nor field conditions exactly as described in those documents" for the proposition that Domson's expert "never suggested that design problems violated any standard of care, let alone the standard of care for architects and engineers." See Majority Opinion ¶¶ 31, 33. For the majority, this suggests that there is no genuine, material issue for trial because Domson failed to make a specific assertion that the project's design fell below the standard of care. However, that reasoning does not account for Kostaneski's opinion that there were problems with "the package released for the public bid process" which made it "quickly apparent that several critical issues were going to have a significant impact on both the scope and schedule of the work."
[¶41.] Specifically, Kostaneski explained that shortly after the project began, Dakota Engineering/KLJ informed Domson that a restriction existed with respect to commencing construction on a 3,000-foot area at the beginning of the project. Domson learned that, due to an impending artifact study, the area remained ineligible for development until completion of the survey. No mention of the study was included in the design plans, and even Dakota Engineering/KLJ's own expert, Dennis Micko, agreed that preliminary inspections, reports, and environmental artifact studies "[n]ormally ... would have been completed in advance of [the bidding]." Domson contends that this deficiency caused delay in completing the project, which resulted in accrual of additional damages under the contract's liquidated damages provision.
*408 [¶42.] Additionally, Kostaneski noted problems with beginning construction at the other end of the project. The project's drafters had incorrectly identified an existing pipe on the plans, so the construction team decided to delete it. According to Kostaneski, this decision significantly impaired Domson's progress. Kostaneski described the effect on the project stating, "Unfortunately, it also meant that this end of the project would not have the plan grade. Domson had already graded this area to the original plan elevations, which required a significant adjustment to return it to the field changed elevation. KLJ seemed disinclined to recognize this unanticipated effort and delay."
[¶43.] "Summary judgment ... was never intended to enable parties to evade jury trials or have the judge weigh evidence in advance of it[ ] being presented." Pierce v. Ford Motor Co. , 190 F.2d 910, 915 (4th Cir. 1951). Yet, by declaring that Domson's factual assertions are mere general allegations referring to contract administration and not design, the majority opinion's conclusion regarding negligent design of the project plans weighs the evidence presented. We must instead view the facts in light favorable to Domson and give it the benefit of all reasonable inferences. See Dakota Pork Indus. v. City of Huron , 2002 S.D. 3, ¶ 5, 638 N.W.2d 884, 885 ("All reasonable inferences drawn from the facts must be viewed in favor of the non-moving party.").
[¶44.] Domson presented a sufficient case for negligent design of the project plans to survive summary judgment. Project design was among the engineering services KLJ provided Domson,[2] and Dakota Engineering/KLJ admitted that it owed Domson a duty. Domson's expert further opined that "KLJ's engineering services on this project [were] below an acceptable standard found on civil engineering projects generally." This statement regarding the standard of care was broad enough to include the design errors Kostaneski identified in the project documents. Disputed issues of fact exist regarding whether: (1) the construction delay resulting from the incomplete artifact study increased Domson's damages on the contract; and (2) the error in the project's plans that misidentified a pipe created additional damages under the contract by requiring Domson to return the grade to the "field changed elevation." Domson "need only present evidence from which a jury might return a verdict in his favor." Anderson v. Liberty Lobby, Inc. , 477 U.S. 242, 257, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). This it has done. Therefore, I respectfully dissent from the majority decision affirming summary judgment on Domson's claim of negligent design of the project plans.

The project was designed by KLJ employee Tonya Tordsen.